WILLIAM DUNLOP, Jr., AN INFANT, BY HIS NEXT FRIEND, WILLIAM DUNLOP, Sr., AND WILLIAM DUNLOP, Sr., INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION, DEFENDANT-APPELLANT.

Argued January 17, 1939—Decided March 8, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendant-appellant, *Henry H. Fryling, William H. Speer* and *James J. Higgins.*

For the plaintiffs-respondents, *Archie Elkins* and *Edward A. Markley.*

BODINE, J.   The defendant appeals from a judgment in favor of the plaintiffs.   On the afternoon of February 16th, 1938, the infant plaintiff, twelve years old, was roller skating on North street, Jersey City.   This street is intersected by New York avenue, upon which the defendant operates a single line trolley.   North street is built up a hill and is paved with asphalt.   The injured boy was skating down the hill.   When he started down, the trolley car causing the injury was at a standstill at the North street intersection.   When he was part way down, the motorman started the car without a warning signal.   The car moving across his path, the boy swung to his right into New York avenue, but the turn he made, however, was not sufficiently sharp to avoid a collision with the front part of the trolley.   His right leg went under the car and amputation below the knee became necessary.

It is urged that the motions for a nonsuit or a direction of a verdict should have been granted. We think not. In a broad and general sense, the boy on skates had the rights and obligations of a pedestrian. *Eichenger* v. *Krouse,* 105 *N. J. L.* 402. Both parties to the suit must exercise their right in the highway with due regard to the rights of others. *Glasco* v. *Jersey City, &c., Street Railway Co.,* 81 *Id.* 469. The motorman and the boy were both under a duty to use their powers of observation, the one for the safety of the pedestrian, and the other for his own safety.

The issues of negligence and contributory negligence were clearly presented by the proofs and were for the jury. This is not a case where a boy, without looking, ran backwards into the traveled portion of a highway. *Clerici* v. *Gennari,* 102 *N. J. L.* 377. But a case where the jury could have found that a boy, observing a standing trolley when he started down the hill and who could have been observed approaching by an attentive motorman, is struck by the car before he can reach a place of safety. *North Jersey Street Railway Co.* v. *Schwartz,* 66 *Id.* 437; *Weinberger* v. *North Jersey Street Railway Co.,* 73 *Id.* 694; *Carmany* v. *West Jersey and S. Railroad Co.,* 78 *Id.* 552.

The facts in the present case are very similar to the proofs in *Lynch* v. *Public Service Corp.,* 82 *N. J. L.* 712, where there was a collision between a bobsled and a trolley car. There it was held that sledding in the public streets was not a nuisance; that persons had the right to use the public streets for pleasure, as well as for travel, and that the issues of negligence and contributory negligence were for the jury on the proofs adduced very similar in nature and import to those in this case. See, also, *Reeves* v. *Prosser,* 109 *Id.* 485; *Mellen* v. *Public Service, &c., Co.,* 110 *Id.* 557.

The motorman, if he could by the exercise of reasonable care avoid a collision, was under an obligation so to do. The jury could find that in the starting of the car, when the motorman could have observed the infant plaintiff so soon to be in his path, there was negligence—the proximate cause of the injury suffered.

It was said by Mr. Justice Parker in *Hutchinson* v. *Jersey Central Traction Railroad Co.,* 100 *N. J. L.* 218, 221, of a motorcyclist in a collision with a trolley car: "But if he had reasonable cause, from the position and action of the car and his position, to conclude that he would be allowed to cross, it was certainly not negligence as a court question for him to undertake to do so, and the negligence of the motorman, if any, would be for the jury also."

The learned trial judge clearly and concisely presented the issues, proofs and law for the consideration of the jury. He then charged, in somewhat modified form, many of the plaintiff's requests to charge, and thereafter the defendant's requests, which in more concise form embodied the law of the case, and concluded quite properly by giving the rules of law with respect to the assessment of damages, if the jury should conclude that there was liability under the rules of law as laid down. Viewed as a whole the charge was not inconsistent or confusing. When the jury retired they must have had a very clear understanding of the principles of law applicable. The charge, as given with respect to the duty of the motorman at a street intersection, sufficiently stated the applicable principle of law. It is clear that he was under a duty to make observation at the street intersection. *Wilhelm* v. *Public Service Railway Co.,* 95 *N. J. L.* 505.

We fail to understand why that portion of the charge predicated upon the language of Mr. Justice Trenchard in *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106, was not applicable to the present case. The plaintiff had a right to roller skate upon the streets of Jersey City, always exercising reasonable care for his own safety. If the jury should find that "without any fault on his part he was placed in a position of imminent peril by another vehicle (the trolley car suddenly starting up across his path), the law will not hold him guilty of such negligence as to defeat his recovery if he does not select the very wisest course."

The other matters presented by the appellant have been carefully considered and have no merit. The trial judge was not bound to charge all of the requests presented, but when

we view the charge as a whole and not by excerpts, no part of it seems to us to constitute reversable error. *Consolidated Traction Co.* v. *Haight,* 59 *N. J. L.* 577.

The judgment is affirmed, with costs.